■ In the Matter of STANLEY ACKER, Deceased. KAREN ACKER et al., Appellants; ARLENE ACKER, Respondent. [1 NYS3d 368]—

In a compulsory accounting proceeding, David Acker and Karen Acker, coexecutors of the estate of Stanley Acker, and co-trustees of the Revocable Intervivos Stanley Acker Settlor Trust, appeal from an order of the Surrogate's Court, Rockland County (Walsh II, S.), dated July 10, 2013, which, upon a decision of the same court dated May 15, 2013, granted Arlene Acker's renewed motion for summary judgment directing them to fund a certain marital trust to the extent of directing them to transfer from the estate of Stanley Acker "whatever amount necessary to make the balance of the marital trust $2,850,000" and, thereupon, directed Arlene Acker to post a bond in an amount sufficient to protect against certain potential tax liability.

Ordered that the order is reversed, on the law, with costs, and Arlene Acker's renewed motion for summary judgment is denied.

In this compulsory accounting proceeding, Arlene Acker (hereinafter Arlene), the surviving wife of the decedent, moved for summary judgment directing the appellants, who are coexecutors of the decedent's estate and cotrustees of a certain revocable lifetime trust, to fund a certain marital trust. The Surrogate's Court denied the motion, "without prejudice to the resubmission thereof upon adequate proof that all administration expenses and taxes imposed on the estate have been paid in full, or, upon adequate proof that the amount of the administration expenses and taxes on the estate are known with reliable specificity and that there are sufficient assets in the [revocable lifetime trust] to satisfy those obligations in full." Slightly more than two months after her original motion was denied, Arlene made a renewed motion for summary judgment, which the court granted to the extent of directing the appellants to transfer from the decedent's estate "whatever amount necessary to make the balance of the marital trust $2,850,000."

Contrary to the Surrogate's Court's determination, an Internal Revenue Service Notice of Deficiency dated May 24, 2012, together with its accompanying documents, submitted by Arlene in support of her renewed motion, did not establish, prima facie, the amount of taxes owed on the decedent's estate. The court's reliance on *Lucas v Kansas City Structural Steel Co.* (281 US 264 [1930]) was misplaced, as that case, concerning an appeal by a taxpayer from determinations by the Commissioner of Internal Revenue, has no applicability to the instant proceed-

ing. Furthermore, the Notice of Deficiency was subject to challenge by the estate and, thus, as the court correctly recognized, was not "conclusive." Indeed, the court's directive that Arlene post "a bond in an amount sufficient to fully protect [Arlene] and the [appellants] from any tax liability which the estate is not able to pay in full" belies the court's conclusion that the Arlene's submissions established the amount of estate taxes with sufficient specificity. Furthermore, Arlene submitted no proof as to the amount of the other administration expenses.

The parties' remaining contentions either are not properly before this Court, need not be reached in light of our determination, or are without merit.

Since Arlene did not establish her prima facie entitlement to judgment as a matter of law, her motion for summary judgment should have been denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.